## RUKEYSER v. INSELMANN et al.

(Supreme Court, Appellate Term, First Department.   February 4, 1915.)

1. BILLS AND NOTES (§ 518*)—ACTIONS—SUFFICIENCY OF EVIDENCE—INDORSEMENT AS ACCOMMODATION.
    In an action on a note, evidence *held* insufficient to sustain an indorser's defense that he indorsed the note merely as an accommodation for the benefit of the plaintiff.
    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1816–1820; Dec. Dig. § 518.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BILLS AND NOTES (§ 504*)—ACTIONS—ADMISSIBILITY OF EVIDENCE—IN-
    DORSEMENT FOR ACCOMMODATION.

    Where an indorser of a note claimed, in an action by his indorsee, that
he indorsed it as an accommodation, to enable the plaintiff to discount it
for the benefit of a corporation, in which they were both interested, testi-
mony by plaintiff that he had advanced to the corporation more than his
share, and that the indorser, when asked to advance his share, stated
that he had no cash, but that he would indorse the note to plaintiff, who
could have it discounted, and turn the proceeds over to the company, had
a direct bearing on the defense, and it was error to strike it.

    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1719–
1727; Dec. Dig. § 504.*]

    Appeal from Municipal Court, Borough of Manhattan, Seventh Dis-
trict.

    Action by Lawrence Rukeyser against Henry Inselmann, Otto
Hoppe, and another. Judgment for the defendants, and plaintiff ap-
peals. Reversed, and judgment directed for plaintiff.

    Argued January term, 1915, before GUY, BIJUR, and GAVE-
GAN, JJ.

    Manton Marks, of New York City, for appellant.

    Herzfeld & Sweedler, of Brooklyn (Max Herzfeld, of Brooklyn, of
counsel), for respondents.

    GUY, J. The action is against the defendants respondents as in-
dorsers on a promissory note for $200, made by the defendant Insel-
mann, who was not served in the action, which note was given in part
renewal of a note for $300, made by the same maker and indorsed by
the defendants respondents. Upon said original note a payment of
$100 was made at the time of the giving of the note in suit, and said
amount retained by the plaintiff.

    [1] The answer, as a separate defense, alleges that the note in suit
was delivered by the defendant Hoppe to the plaintiff for the purpose
of enabling the plaintiff to borrow money thereon, but for no value
whatsoever; that it was agreed between said Hoppe and the plaintiff
that, after the note was paid by the maker, the moneys collected thereon
were to be returned to the said Hoppe by the plaintiff; and that the
plaintiff, as original owner and holder of said note, converted it to his
own use, depriving the defendant thereof. On the trial, defendant
Hoppe testified that the original note, of which the note in suit was a
part renewal, was given to plaintiff for the purpose of having it dis-
counted by plaintiff and the proceeds turned over to a corporation in
which plaintiff and he were both interested, and of which they were
respectively president and treasurer, the corporation being financed by
them; but that it was agreed between the plaintiff and defendant
Hoppe, at the time the note was turned over to plaintiff, that, when the
note was paid by the maker, the corporation should pay back the pro-
ceeds thereof to defendant Hoppe. Hoppe admitted, however, that,
when the original note in suit was delivered to plaintiff, there was also
paid to him at the same time $100 on account of the original note,
with the full knowledge of the defendant Hoppe, and that plaintiff re-

tained said $100, and defendant. Hoppe made no demand upon plaintiff therefor at any time.

[2] Plaintiff testified that, prior to the giving of the original note, he and defendant Hoppe, who had been financing the corporation, had each agreed to advance certain moneys to the corporation; that he had advanced more than his share thereof; that defendant Hoppe had failed to advance the amount he had agreed to advance; that plaintiff asked defendant Hoppe, for the purpose of obtaining money for the use of the corporation, for a payment on account of the amount said Hoppe had agreed to advance to the corporation; that Hoppe said he had no cash, but would give him the original note signed by Inselmann; and that he could have it discounted and the proceeds turned over to the company. This evidence, which had a direct bearing on the separate defense set up in the answer, and was entirely relevant and material thereto, was stricken out by the court, under objection and exception of plaintiff. The exclusion of this evidence was error highly prejudicial to plaintiff. But, even with such evidence excluded, the defendants respondents do not appear to have established by sufficient proof their separate defense, which was in effect that their indorsement of the note was an accommodation indorsement for the benefit of plaintiff. The defendant Hoppe, on the trial, testified that the original note was indorsed and delivered to the plaintiff as a loan to the company, with the understanding that, when the corporation collected the amount of the note from the maker, the corporation, not the plaintiff, should pay the proceeds over to the defendant Hoppe. This testimony, taken in connection with the undisputed fact that defendant, without making any claim therefor, permitted plaintiff to retain the $100 paid on account of the original note, established a clear preponderance of evidence in favor of the plaintiff as to the matters set up in the separate defense of the answer.

The judgment must be reversed, with costs, and judgment directed in favor of the plaintiff for the full amount of the note, with interest and costs. All concur.